IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THURMAN R. BOUIE,

    Petitioner,                      No. CIV S-06-1082 GEB GGH P

    vs.

MATTHEW KRAMER, Warden,

    Respondent.                  <u>ORDER; FINDINGS & RECOMMENDATIONS</u>

_____/

        Petitioner, a state prisoner proceeding pro se, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss the petition as barred by the statute of limitations, filed on September 8, 2006, to which petitioner has filed an opposition.[1] Petitioner challenges his 1995 conviction for one count of forcible sexual penetration by a foreign object and two counts of forcible sodomy for which he was sentenced to a term of eighteen years.

        For the following reasons, respondent's motion is vacated and the court recommends that this action be dismissed on grounds that petitioner is not entitled to relief. <u>See</u>

---

[1] Petitioner filed his opposition, on November 21, 2006, only after this court issued an order to show cause for his failure to do so, on November 3, 2006. The court deems the show cause order discharged.

1

Rule 4, Rules Governing Section 2254 Cases (court may summarily dismiss petition if petitioner is not entitled to habeas relief).

*Issues*

Respondent's motion to dismiss on account of the expiration of the AEDPA statute of limitations is an entirely reasonable motion given the time frames involved here. However, petitioner raises an "actual innocence" exception to the utilization of the limitations statute which would require the undersigned to explore the merits of petitioner's claims. Since the merits of the motion have to be analyzed in any event, and because the merits are wanting, the court chooses to utilize the summary disposition on the merits procedure in lieu of a statute of limitations adjudication.

As he did in the Superior Court on application for habeas corpus, petitioner raises two intertwined issues:

1. He was sentenced on facts which the jury had found "not true," i.e.. he was acquitted of the use of a knife conduct charged in the enhancement allegations, in violation of United States v. Watts, 519 U.S. 148, 117 S.Ct. 633 (1997); and

2. Sentencing on facts which the jury had not found beyond a reasonable doubt violated Blakely v. Washington, 542 U.S. 296, 124 S. Ct. 2531 (2004) [Watts had found in 1997 that the trial judge could find the facts on sentencing, despite a jury acquittal of certain factual conduct, by a preponderance of the evidence].

Petitioner is factually mistaken on the first ground, and cannot benefit on collateral review on his second.

*Discussion*

This action is proceeding on the original petition filed on May 18, 2006. Petitioner is challenging his August 25, 1995, conviction for multiple counts of sodomy. Cal. Penal Code §§ 289(a) and 286(c). Petition, p. 1. Lodged with respondent's motion to dismiss as document one is the abstract of judgment from petitioner's conviction, confirming the date of his

2

sentence as August 25, 1995. Petitioner appealed his conviction. Lodged as document two is the unpublished denial of petitioner's direct appeal to the Third District Court of Appeal, dated as filed on September 17, 1996. Although specific dates upon which petitioner may have filed a petition for review to the state supreme court are not set forth, as the state superior court decision denying petitioner's state court petition for writ of habeas corpus, filed on June 7, 2005, notes that petitioner's conviction became final in 1996. Lodged Document 4.

Petitioner does not assert that the trial judge used other than the mid-term sentencing levels, but that the trial judge imposed consecutive mid-term sentences on the basis of an unauthorized factual finding. Petitioner asserts that the probation report contained facts regarding use of a knife in commission of the crimes (sexual offenses), the use of which the jury had found "not true." Petitioner makes a factual leap in concluding that, therefore, the judge must have utilized facts in sentencing which the jury had found not true. On state habeas petition, and as the sentencing transcript itself reflects, the trial judge did not, in imposing consecutive sentences, rely on the "acquitted" facts, but sentenced consecutively based on entirely different reasoning:

> The reporter's transcript for the judgment and sentencing hearing in Case No. 95F03427 clearly shows that the consecutive sentencing was based not on the acquitted conduct, but on the court's findings of separate occasions.

Superior Court Ruling, Lodged Document 4.

Even petitioner concedes as much–

> The trial court stated for the record its reasoning for imposing mandatory consecutive sentencing, "the court found this was a multiple sex crimes, against the same victim..."

Petition at 6.

Petitioner also attached the sentencing transcript to his state habeas petition. The judge was well aware of the fact that the knife allegations had been found not true by the jury, and the trial judge annotated the probation report with that information. RT 889. The trial judge

then went on to say that because: "I also find that Count 5 and 6 were separate sexual acts in and of themselves calling for consecutive sentencing making sentencing in this case an aggregate state prison term of 18 years." RT 894.[2]

Thus, petitioner's assertion to the contrary of these facts, i.e., that the judge actually utilized the use of a knife facts found not to be true, is mistaken.

Even if not mistaken, and assuming without deciding that Blakely applies to the issue of consecutive versus concurrent sentencing, petitioner could not prevail. The state superior court made the following findings, citing, inter alia, Cook v. United States, 386 F.3d 949 (9th Cir. 2004) (Blakely not retroactive to cases on collateral review):

> Even so, petitioner is not entitled to relief under Blakely based on the court's findings of separate occasions, as Blakely is retroactive only to cases still pending on appeal or not yet final at the time that Blakely was decided, or if the 90-day time period for filing a petition for writ of certiorari had not elapsed or a timely-filed petition for writ of certiorari had been filed and was still pending at the time that Blakely was decided... Blakely is based on Apprendi v. New Jersey (2000) 530 U.S. 466, and decisions based on Apprendi are retroactive only to cases still currently pending on direct appeal (see Schriro v. Summerlin (2004) 159 L. Ed.2d 442 [Apprendi-based Ring v. Arizona (2002) 536 U.S. 584 is retroactive only to cases still currently pending on direct appeal]).
>
> Nor can petitioner claim that Blakely applies to him because it should be found retroactive at least as to cases not yet final when Apprendi was decided, as even Apprendi is not retroactive to petitioner. Rather, Case No. 95F03427 became final in 1996, long before either Apprendi or Blakely were decided.
>
> As neither Apprendi nor Blakely applies retroactively to Case. No. 95F03427, there is no need to determine whether the instant claim is barred from habeas review as being untimely (see In re Robbins (1998), 18 Cal.4th 770, 811-812, 812 fn. 32; In re Clark (1993) 5 Cal.4th 750, 774-775.

Resp. Lodged Doc. 4, State Superior Court denial, filed on June 7, 2006.

---

[2] There appear to be clerical discrepancies on the abstract of judgment, as opposed to the sentencing transcript, but no one is contending error in that respect. Petitioner understands that he has been imprisoned for a term of 18 years.

4

1            Under the "look through" doctrine, this order, the last reasoned decision of the
2   state courts, constitutes the basis for the state supreme court's denial:³ "[w]here there has been
3   one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that
4   judgment or rejecting the same claim rest upon the same ground." Ylst v. Nunnemaker, 501 U.S.
5   797, 803, 111 S. Ct. 2590 (9th Cir. 1991); Shackleford v. Hubbard, 234 F.3d 1072, 1079 n. 2 (9th
6   Cir. 2000) (when reviewing a state court's summary denial of a claim, the court "looks through"
7   the summary disposition to the last reasoned decision).  Further, in Schardt v. Payne, 414 F.3d
8   1025 (9th Cir. 2005), the Ninth Circuit held that Blakely does not apply retroactive to a
9   conviction that was final before that decision was announced.

10           To the extent petitioner seeks to rely on United States v. Booker, 543 U.S. 220,
11  125 S. Ct. 738 (2005), which prohibits judicial factfinding under the Federal Sentencing
12  Guidelines, even if that case were apposite in this context, the Ninth Circuit has found that
13  Booker is also not retroactive and does not apply to cases on collateral review.  United States v.
14  Cruz, 423 F.3d 1119 (9th Cir. 2005).  Finally, petitioner takes note of Cunningham v. California,
15  127 S. Ct. 856 (Jan. 22, 2007) (at least in his opposition, his petition having been filed prior to
16  the decision), wherein the Supreme Court, citing Apprendi and Blakely, held that California's
17  Determinate Sentencing Law violates a defendant's right to a jury trial to the extent it permits a
18  trial court to impose an upper term based on facts found by the court rather than by a jury.  The
19  undersigned does not believe that Cunningham is applicable to a consecutive sentencing issue,
20  and in any event, does not believe that Cunningham would be retroactively applied.  To the
21  extent that petitioner raised an Apprendi error, that is not the same thing as saying that
22  Cunningham was dictated by that precedent.  As noted by the state court, Apprendi itself is not
23  imposed retroactively to otherwise final convictions.  United States v. Sanchez-Cervantes, 282

---

25       ³ See respondent's lodged documents 6 and 8, the state appellate court's and state supreme courts post-card denials of petitioner's habeas petitions, filed on September 15, 2005, and on March
26  15, 2006, respectively.

5

F.3d 664, 666-67 (9th Cir. 2002).  Indeed, <u>Blakely</u>, one of the earlier progeny of <u>Apprendi</u> has been held not to be retroactive, as noted, on collateral review.  <u>Schardt v. Payne</u>, <u>supra</u>, 414 F.3d 1025.  There is no more reason to find that <u>Cunningam</u>, even further removed from <u>Apprendi</u>, would be retroactively applied to cases which have already become final on account of <u>Apprendi's</u> issuance.

For these reasons, the court recommends that the petition be denied.

Accordingly, IT IS HEREBY ORDERED that respondent's September 8, 2006, motion to dismiss is vacated; and

IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas corpus be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: 7/13/07

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
boui1082.mtd